1

2

3

4

5

6

7

8

FILED

2012 AUG -3  AM 11: 10

CLERK ... DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

9              **UNITED STATES DISTRICT COURT**

10            **SOUTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| COMPASS BANK,<br><br>                          Plaintiff,<br><br>         vs.<br><br>KENT GOBLE; Does I through X, inclusive<br><br>                          Defendants. | Civil No.    12cv1885 WQH (JMA)<br><br>**ORDER** |

HAYES, Judge:

        The matter before the Court is the Motion for Leave to Proceed in Forma Pauperis (ECF Nos. 2-3) filed by Defendant Kent Goble.

**I.      Background**

        On July 31, 2012, Defendant Goble removed a complaint for unlawful detainer from the Superior Court of California for the County of San Diego where it was originally filed and given case number 37-2011-00039769-CL-UD-NC. (ECF No. 1). On that same day, Defendant Goble filed the Motion for Leave to Proceed in Forma Pauperis. (ECF No. 2).

**II.     Motion for Leave to Proceed in Forma Pauperis**

        All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee

1    only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C.
2    § 1915(a). *See Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999).

3         In the declaration accompanying the Motion to Proceed IFP, Defendant Goble states that
4    he receives $2,400 a month from his employment. Defendant states that he does not have a
5    checking account or any other significant assets such as an automobile, real estate, stocks, bonds
6    or securities. Defendant states that he financially supports his wife and son.

7         The Court has reviewed Defendant's declaration and finds it is sufficient to show that
8    Defendant is unable to pay the fee required to maintain this action. The Motion for Leave to
9    Proceed in Forma Pauperis is GRANTED. (ECF No. 2).

10   **III.   Initial Screening**

11        After granting IFP status, the Court must dismiss the case sua sponte if the case "fails to
12   state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v.*
13   *Stahl,* 254 F.3d 845, 845 (9th Cir. 2001). In addition, "[i]f the court determines at anytime that
14   it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3);
15   *see also Cal. Diversified Promotions, Inc. v. Musick,* 505 F.2d 278, 280 (9th Cir. 1974) ("It has
16   long been held that a judge can dismiss sua sponte for lack of jurisdiction").

17        Federal courts–unlike state courts–are courts of limited jurisdiction and lack inherent or
18   general subject matter jurisdiction. Federal courts can only adjudicate those cases in which the
19   United States Constitution and Congress authorize them to adjudicate. *See Kokkonen v.*
20   *Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). A defendant may remove a civil action from
21   state court to federal court based on either federal question or diversity jurisdiction. *See* 28
22   U.S.C. § 1441. "The presence or absence of federal-question jurisdiction is governed by the
23   well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal
24   question is presented on the face of the plaintiff's properly pleaded complaint.... [T]he existence
25   of a defense based upon federal law is insufficient to support jurisdiction." *Wayne v. DHL*
26   *Worldwide Express,* 294 F.3d 1179, 1183 (9th Cir. 2002) (quotation and citation omitted). "The
27   removal statute is strictly construed, and any doubt about the right of removal requires resolution
28   in favor of remand." *Moore-Thomas v. Alaska Airline, Inc.,* 553 F.3d 1241, 1244 (9th Cir. 2009)

1    (citation omitted).  The presumption against removal means that "the defendant always has the

2    burden of establishing that removal is proper."  *Id.*

3        The sole basis for federal jurisdiction stated in the Notice of Removal is that Defendant

4    has a defense to the Complaint based upon Plaintiff's alleged failure to comply with a federal

5    statute.  "[T]he existence of a defense based upon federal law is insufficient to support [federal]

6    jurisdiction."  *Wayne*, 294 F.3d at 1183.  The Notice of Removal does not adequately state a

7    basis for federal subject-matter jurisdiction.

8    **IV.    Conclusion**

9        The Motion for Leave to Proceed in Forma Pauperis is GRANTED.  (ECF No. 2).

10   Pursuant to 28 U.S.C. § 1447(c), this action is REMANDED for lack of subject-matter

11   jurisdiction to the Superior Court of California for the County of San Diego, where it was

12   originally filed and assigned case number 37-2011-00039769-CL-UD-NC.

13   IT IS SO ORDERED.

14

15   DATED:    8/2/12

16                                          _____

17                                          **WILLIAM Q. HAYES**
                                            United States District Judge

18

19

20

21

22

23

24

25

26

27

28